IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LYNDOLA J. BARBER, ) | CIVIL ACTION 4:09-3194-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

**I. PROCEDURAL HISTORY**

The plaintiff, Lyndola J. Barber, filed an application for DIB on June 3, 2004, alleging inability to work since July 8, 1997. Her application was denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on June 19, 2007, at which time plaintiff amended her onset date to February 13, 2001. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 25, 2007, finding plaintiff was not disabled within

the meaning of the Act. (Tr.16-23). In deciding that plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2002.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 13, 2001, through her date last insured of December 31, 2002 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: obesity, a previous cervical fusion, lumbar degenerative disc disease, fibromyalgia, diabetes mellitus, hypertension and right hip osteoarthritis (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to lift or carry twenty pounds occasionally and ten pounds frequently. The claimant could stand or walk for about six hours per eight-hour workday and could sit for six hours per workday, but needed an option to sit or stand at will every hour. She was unable to frequently or repetitively bend, stoop, squat, climb or balance, and was unable to reach above her head with her dominant right upper extremity. The claimant's pain was also severe enough to rule out the sustained concentration needed to perform skilled work.

6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on May 5, 1957, and was 45 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a

>           finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.       Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c) and 404.1566).
>
> 11.       The claimant was not under a disability, as defined in the Social Security Act, at any time from February 13, 2001, the alleged onset date, through December 31, 2002, the date last insured (20 CFR 404.1520(g)).

(Tr. 16-23).

On October 16, 2009, the Appeals Council considered additional evidence, determined it did not provide a basis for changing the ALJ's decision, and denied plaintiff's request for review. (Tr. 5-8). The Appeals Council's denial of plaintiff's request for review made the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). Plaintiff filed the instant action on October 16, 2009. In her brief, plaintiff argues as follows:

> (1)   The ALJ did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.
>
> (2)   [Barber's] application for benefits should be remanded for administrative consideration of new evidence which was submitted to the Appeals Council.
>
> (3)   The ALJ failed to correctly assess Barber's credibility and subjective allegations of disabling pain.

(Plaintiff's brief).

The Commissioner contends that the ALJ did not commit these errors and urges that substantial evidence supports the determination that plaintiff was not disabled.

Under the Act, 42 U.S.C. Section 405(g), this Court's scope of review of the Commissioner's final decision is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether he applied the correct law. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  "Substantial evidence" is that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  The Court's narrow scope of review does not encompass a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established.  Five questions are to be asked sequentially during the course of a disability determination.  See 20 C.F.R. § 404.1520.  An ALJ must consider whether:  (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant has an impairment which equals a condition contained in the Act's listing of impairments (codified at 20 C.F.R. Part 404, Subpart P, Appendix 1); (4) the claimant has an impairment which prevents past relevant work; and (5) the claimant's impairments prevent her from any substantial gainful employment.  If an individual is found not disabled at any step, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a)(4); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).  An ALJ's factual determinations must be upheld if supported

by substantial evidence and if proper legal standards were applied. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

Under 42 U.S.C. Section 423(d)(5), the plaintiff has the burden of proving disability, which is defined by Section 423(d)(1)(A) as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." <u>See also</u> 20 C.F.R. § 404.1505(a); <u>Blalock</u>, 483 F.2d at 775.

## II.  FACTUAL BACKGROUND

Plaintiff, born on May 5, 1957, was 50 years of age on the date of her hearing before the ALJ. (Tr. 893). Plaintiff has a high school education and past work as a sewing machine operator. Plaintiff alleged disability due to neck pain, arthritis, fibromyalgia, diabetes, and high blood pressure.

## III.  ANALYSIS

Plaintiff argues that the Appeals Council's failure to make specific findings regarding new evidence is reversible error. Specifically, plaintiff argues that she submitted evidence from Dr. Roy A. Still to the Appeals Council for consideration, but the Appeals Council did not explain why this evidence did not provide a basis for changing the ALJ's decision. Plaintiff argues the ALJ dismissed the opinions of disability by her treating physician, Dr. Emily Ellis, in part because the treatment and opinion was provided after the date last insured. Thus, plaintiff asserts that Dr. Still's report is

5

a subsequent medical source opinion confirming Dr. Eillis' opinion as he was a provider who treated plaintiff prior to the date last insured.

In the decision, the ALJ found as follows with regard to Dr. Ellis' opinion:

> As for the opinion evidence, on June 18, 2007, Emily A. Ellis, summarized that she had only been treating the claimant since February 2005. However, she also opined that, since February 13, 2001, the claimant was unable to stand six hours per eight-hour workday, stand or walk on a regular basis, sit at a computer, look down to perform work, sit for six hours per workday, reach or handle. However, the undersigned is unable to accept this opinion as Dr. Ellis did not examine the claimant until February 2005, and her opinion is inconsistent with the objective medical evidence prior to the claimant's date last insured.

(Tr. 21).

The Appeals Council stated in its decision that the additional evidence was considered but found that the information does not provide a basis for changing the ALJ's decision. (Tr. 5-6).

When evidence not considered by the ALJ is submitted to the Appeals Council and is incorporated into the record, the reviewing court must consider this evidence in determining whether the Commissioner's decision is supported by substantial evidence. Hart v. Apfel, No. 98-2320. 1999 WL 365555, at *3 (4th Cir. June 7, 1999) [unpublished opinion]. However, in conducting its review, the District Court is to determine whether substantial evidence supports the Commissioner's decision, and in order to conduct such a review it is necessary to have some knowledge of the basis for that decision, especially when additional items of evidence were presented to the Appeals Council that the ALJ did not have before him. "A bald conclusion unsupported by reasoning or evidence, is generally of no use to a reviewing court." Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978)[published decision]. In the Jordan case, a coal miner was seeking benefits in a black lung

disease claim. The claimant lost at the administrative hearing before the ALJ and appealed the decision to the administrative Appeals Council and submitted additional evidence. The Appeals Council stated only that the additional evidence had been considered and summarily affirmed the denial of benefits. The Fourth Circuit stated:

> Several new items of medical evidence, not all of it favorable to Jordan, were submitted to this body . . . stating only that the additional evidence had been considered, the appeals council summarily affirmed the denial of benefits . . . Before we determine the substantiality of the evidence to support the administrative determination, we must first ascertain whether the Secretary has discharged his duty to consider all relevant evidence. A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court, except in the very rare instance when a case is so one-sided as to be obvious. This case is not within the exception. Moreover, conclusory administrative determination may conceal arbitrariness. To eliminate these problems, we held in <u>Arnold v. Secretary</u>, "that the Secretary, in determining an applicant's entitlement to black lung benefits, must consider all relevant evidence, including that accumulated after June 30, 1973, and must indicate explicitly that such evidence has been weighed and its weight." 567 F.2d at 259. We think the opinion of the appeals council, stating as it did only that the additional evidence had been considered, was plainly deficient under Arnold. The November 1975 x-ray and the second physician's report sufficiently supported the existence of a qualifying disability to require that the Secretary explain why they were not persuasive. We therefore reverse and remand the case to the district court for the purpose of returning it to the Secretary with directions to give this claim adequate consideration and to articulate his conclusions with respect thereto.

(<u>Jordan</u>, 582 F.2d at 1334-1336).

The Court's review process requires a review of the findings of the Commissioner and a determination of whether those findings are supported by substantial evidence. The failure of the Appeals Council to make any findings regarding the newly presented evidence and the weight afforded the evidence presents a real problem for the Court in exercising its duty to undertake a

meaningful judicial review of the administrative decision in this matter. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir.1983). When the ALJ has not reviewed newly produced evidence and the "court is left in the dark as to how the Appeals Council treated new evidence a meaningful judicial review is impossible." Harmon v. Apfel, 103 F. Supp 2d 869, 874 (D.S.C.2000) (J. Norton), citing, Riley v. Apfel, 88 F. Supp 2d 572, 579 (W.D.Va.2000). Thus, the Fourth Circuit has held that when new evidence is submitted to the Appeals Council, the court must indicate explicitly that such evidence has been weighed and the weight it was given. Jordan v. Califano, supra.

There is contrary authority on this issue. Two conflicting, unpublished opinions from the Fourth Circuit exist regarding whether the Appeals Council has a duty to indicate its reasons for discounting additional evidence. In the case of Hollar v. Commissioner of the Social Sec. Admin. 194 F.3d 1304 (4th Cir. (N.C.)1999) [unpublished decision], the plaintiff sought review from the Appeals Council after the ALJ reached his decision denying her benefits. Hollar submitted additional evidence which the Appeals Council considered and found did not provide a basis for changing the ALJ's decision. Plaintiff then appealed complaining that the Appeals Council failed to consider and make explicit findings concerning the evidence submitted in support of her claim after the ALJ's decision. A panel of the Fourth Circuit held that "the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision." The Fourth Circuit referred to the applicable CFR, 20 C.F.R. § 404.970(b) (1999), which does not mandate that the Appeals Council give explicit reasons for its decision. However, in a subsequent opinion, Thomas v. Commissioner of Soc. Sec., No. 01-1544, 2001 WL 1602103 (4th Cir. 17, 2001), the Fourth Circuit held that the Appeals Council must indicate the reasons for discounting additional evidence.

There have been several recent decisions relevant to this issue. See, Wheelock v. Astrue, 2009 WL 250031 (D.S.C. 2009)(remanding the case "to articulate his assessment of the new and material evidence presented by Wheelock so that the court may determine whether the ALJ's decision is supported by substantial evidence"); Belue v. Astrue, 2010 WL 3734714 (D.S.C. 2010); Willingham v. Astrue, 2010 WL 5173875 (D.S.C. 2010); Raymond v. Astrue, 2009 WL 632317 at 5 (D.S.C. 2009); Grant v. Astrue, 2009 WL 632271 at 3-4 (D.S.C. 2009), and Harmon v. Apfel, 103 F. Supp.2d 869 (D.S.C. 2000). In Harmon, United States District Judge David C. Norton held that, quoted verbatim,

> In summary, although the Appeals Council's decision whether to grant or deny review of an ALJ's decision may be discretionary as well as unreviewable, and the regulations do not require the Appeals Council to articulate a reason for its decision not to grant review, a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence.

Harmon at 873.

Judge Norton remanded the Harmon case, under a sentence four remand, to the Commissioner to articulate and state reasons for his assessment of the additional evidence presented by the plaintiff. Judge Norton concluded this was necessary so that the District Court could properly determine whether the Commissioner's decision is supported by substantial evidence.

In this case, one of the reasons the ALJ stated for not accepting Dr. Ellis' opinion with regard to plaintiff's limitations was she had only been treating plaintiff since February 2005. Therefore, plaintiff submitted the report of Dr. Still who stated the following:

9

> Ms. Lyndola J. Barber (DOB: 5/5/57) was a patient of mine while I worked at Barnett Family Practice. I treated Ms. Barber from October 2, 2001, to October 11, 2004. I have reviewed her medical records from Barnett Family Practice from that period of time. Her diagnoses were fibromyalgia, shoulder pain, neck pain, back pain, diabetes, and fatigue.
>
> Ms. Barber had neck surgery in July 1997. She underwent an anterior cervical discectomy and fusion at C4-5 and C5-6. X-rays of Ms. Barber's lumbar spine on February 10, 2000, show that she had degenerative disc disease at L5-S1 and x-rays of her right hip show osteoarthritis. I reviewed the attached letter from Dr. Emily Ellis[1] who also treated Ms. Barber at Barnett Family Practice. I agree with the physical limitations and restrictions Dr. Ellis described in her letter.
>
> During the period I treated Ms. Barber, I do not believe she would have been able to perform a job requiring her to be on her feet 6 out of 8 hours a day due to her back problems. She would not have been able to perform any job requiring her to stand or walk on a regular basis. In addition, I believe her neck and shoulder pain would have prevented her from performing a job in a seated position on a daily basis which required her to look at a computer or look down at a desk or bench to perform the work. I also believe her back pain would have prevented her from performing a job in which she was required to sit for 6 out of 8 hours a day on a daily basis. Finally, I believe that Ms. Barber frequently would have had difficulty reaching and handling due to the pain in her neck and shoulder.

(Tr. 382).

Therefore, Dr. Still who did treat plaintiff from 2001 until 2004 corroborated Dr. Ellis' opinion which the ALJ rejected based on the treatment dates with Dr. Ellis. The Appeals Council did not state its reasons for concluding that Dr. Still's report failed to provide a basis for reversing the decision of the ALJ. This was "new" evidence and the report of Dr. Still who treated plaintiff during the time period before Dr. Ellis. The Appeals Council issued its decision stating a conclusion only. Therefore, the court is unable "to discharge its statutory function of determining whether the

---

[1] Dr. Ellis of Barnett Family Practice stated in her letter dated June 18, 2007, that she began treating plaintiff on February 10, 2005, but reviewed her medical records from Barnett Family Practice since February 13, 2001, and various other medical reports which she listed in her letter. (Tr. 381).

findings of the Commissioner are supported by substantial evidence." Harmon, supra.; Jordan, supra. Therefore, in light of the Jordan decision and the analysis in Harmon as well as the other cases cited from the District of South Carolina, the undersigned recommends the plaintiff's case be remanded under sentence four of 42 U.S.C. § 405(g) so that the Commissioner may indicate explicitly if the evidence was considered and incorporate this additional evidence in its analysis. The Commissioner should consider the additional evidence and, if it finds that this additional evidence does not suffice as a basis for changing the ALJ's decision, the Order should explicitly indicate the reason. The District Court will then be in a position to determine whether or not the Commissioner's decision is supported by substantial evidence.

As the undersigned is recommending a remand as set forth above, the evaluation of the additional evidence may affect the ALJ's determination as to plaintiff's credibility, as well as, the subsequent steps of the sequential evaluation. Therefore, the additional arguments of the plaintiff will not be addressed at this time because the undersigned cannot determine whether the ALJ's conclusions as to the remainder of the sequential process are supported by substantial evidence.

### IV.  CONCLUSION

Based on the above, the undersigned RECOMMENDS that the Commissioner's decision be REMANDED PURSUANT TO SENTENCE FOUR for further administrative action as set out herein.

Respectfully submitted,

s/Thomas  E.  Rogers,  III

Thomas E. Rogers, III
United States Magistrate Judge

January 20, 2011
Florence, South Carolina