**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Lyndola J. Barber, | ) | C/A No. 4:09-CV-3194-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Thomas E. Rogers' report and recommendation (R&R) that this court remand the decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Defendant filed an objection to the R&R. For the reasons set forth below, the court remands the case to Magistrate Judge Rogers for further analysis of two of plaintiff's three claims.

**I. BACKGROUND**

Plaintiff filed an application for DIB on June 3, 2004, alleging disability as of July 8, 1997, due to neck pain, arthritis, fibromyalgia, diabetes, and high blood pressure. Tr. 41-43, 57-58. The Social Security Administration initially denied plaintiff's claim on July 29, 2004 (Tr. 36), and once again on reconsideration (Tr. 34). Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on June 19, 2007. Tr. 32, 388-418. At that time, plaintiff amended her disability onset date to February 13, 2001. Tr. 391. On August 25, 2007, the ALJ denied plaintiff's claim, finding that

1

plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23. On October 16, 2009, the Appeals Council considered new evidence provided by plaintiff and found that it did not provide a basis for altering the ALJ's decision. Tr. 5-6. The Appeals Council denied plaintiff's request for a review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. Tr. 5.

On December 11, 2009, plaintiff filed a complaint in this court, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). In her brief, plaintiff argues that: (1) the ALJ did not perform the treating and evaluating physicians analysis required by 20 C.F.R. § 404.1527(d)(1)-(6), SSR 96-2p, and SSR 96-5p; (2) her application for benefits should be remanded for administrative consideration of the new evidence submitted to the Appeals Council; and (3) the ALJ did not correctly assess plaintiff's credibility and subjective allegations of disabling pain. Pl.'s Br. 19-36. Defendant filed a response, arguing that the ALJ "reasonably weighed" all of the medical evidence and that the ALJ's "evaluation of the credibility of plaintiff's subjective complaints was based on sound reasoning." Def.'s Br. 15-19. Defendant also argues that the Appeals Council considered plaintiff's new evidence; however, it is not required to provide a detailed explanation as to why that evidence does not provide a basis for altering the ALJ's decision. Ultimately, defendant argues that substantial evidence supports the Commissioner's decision in this case.

The magistrate judge found that the court cannot adequately determine whether the Commissioner's decision is supported by substantial evidence unless the Commissioner explicitly indicates that the new evidence was considered and incorporated

in his analysis of plaintiff's claims. R&R 11. Therefore, the magistrate judge recommended that the Commissioner's decision be remanded pursuant to sentence four of 42 U.S.C. § 405(g)[1] for further administrative action. Id. Defendant filed one objection to the R&R, arguing that "the Appeals Council is not required to articulate its rationale when denying review." Def.'s Obj. 2. Defendant requests that the court affirm his decision; however, if the court is inclined to reverse and remand, he asks that the court hold its decision in abeyance pending the appeal of Meyer v. Astrue, C/A No. 3:08-3828-JFA-JRM, 2010 WL 1257626, at *1 (D.S.C. Mar. 25, 2010) (Anderson, J.).

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v.

---

[1]Sentence four of 42 U.S.C. § 405(g) reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Weber, 423 U.S. 261, 270-71 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration.  28 U.S.C. § 636(b)(1).

Although this court may review the magistrate judge's recommendation de novo, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "Substantial evidence" has been defined as,

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."  Hays, 907 F.2d at 1456.

### III.  DISCUSSION

The court recognizes the split of opinion in the Fourth Circuit and the District of South Carolina regarding whether the Appeals Council must articulate reasons for

rejecting new evidence for a district court to determine if the Commissioner's findings are supported by substantial evidence. Compare Wilkins v. Sec'y, Dep't of Heath & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (holding that a court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings"), and Hollar v. Comm'r of Soc. Sec. Admin., No. 98-2748, 1999 WL 753999, at *1 (4th Cir. Sept. 23, 1999) (citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992), and holding that the Appeals Council is not required by regulation or otherwise to provide reasons for its assessment of new evidence), and Freeman v. Halter, No. 00-2471, 2001 WL 847978, at *2 (4th Cir. July 27, 2001) (same), with Thomas v. Commissioner of Social Security, No. 01-1544, 2001 WL 1602103, at *4 (4th Cir. Dec. 17, 2001) (holding that the Appeals Council is required to articulate reasons why new evidence in the form of a treating physician's reports does not justify changing the ALJ's decision); Compare also Meyer, 2010 WL 1257626, at *5 (holding that "[w]here evidence is not new, and perhaps even where it is, the Appeals Council is not required to articulate its reason for failing to consider such evidence"), with Harmon v. Apfel, 103 F. Supp. 2d 869, 872 (D.S.C. 2000) (Norton, J.) (holding that the Appeals Council is required to articulate reasons for rejecting new evidence for meaningful judicial review), and Willingham v. Astrue, C/A No. 2:09-CV-3244-RMG-RSC, 2010 WL 5173875, at *4-5 (D.S.C. Dec. 15, 2010) (Gergel, J.) (same), and Belue v. Astrue, C/A No. 1:09-942-MBS, 2010 WL 3734714, at *3 (D.S.C. Sept. 20, 2010) (Seymour, J.) (same), and Raymond v. Astrue, C/A No. 2:08-974-SB, 2009 WL 632317, at *6 (D.S.C. Mar. 11, 2009) (Blatt, J.) (same), and Grant v. Astrue, C/A No. 2:08-854-HMH-RSC,

2009 WL 632271, at *4 (D.S.C. Mar. 11, 2009) (Herlong, J.) (same), and Wheelock v. Astrue, C/A No. 9:07-3786-HMH-BM, 2009 WL 250031, at *9 (D.S.C. Feb. 3, 2009) (Herlong, J.) (same).

The magistrate judge's recommendation is based solely on the second issue raised by plaintiff—whether her application for benefits should be remanded for further administrative consideration of the new evidence she submitted to the Appeals Council. The remaining two issues raised by plaintiff were not addressed in the R&R. In light of the pending appeal in Meyer, and in the interest of judicial efficiency, the court remands this case to the magistrate judge for further analysis of plaintiff's claims that the ALJ did not perform the treating and evaluating physicians opinions analysis required by 20 C.F.R. § 404.1527(d)(1)-(6), SSR 96-2p, and SSR 96-5p, and that the ALJ failed to correctly assess plaintiff's credibility and subjective allegations of disabling pain. The issue of whether her application for benefits should be remanded for further consideration of the new evidence presented to the Appeals Council will be held in abeyance pending the Fourth Circuit's decision in Meyer.

### IV. CONCLUSION

For the foregoing reasons, the court **REMANDS** the magistrate judge's R&R for further analysis consistent with this order and opinion.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 28, 2011**
**Charleston, South Carolina**